**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:26-cv-01615-RMR

ADAM WOLDE,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Aurora Contract Detention
Facility owned and operated by GEO Group, Inc.,
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver, U.S.
Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of
Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs
Enforcement (ICE), and
TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department
of Justice

     Respondents.

---

## ORDER

---

Pending before the Court is Petitioner Adam Wolde's ("Mr. Wolde" or "Petitioner")
Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1,
and Mr. Wolde's Motion for Temporary Restraining Order and/or Preliminary Injunction
("TRO"), ECF No. 2. Respondents filed a Response to the Petition and TRO, ECF No.
11, and Petitioner filed a Reply to the Response, ECF No. 17. The Court has reviewed
the Petition, the TRO, the related briefing, and the applicable case law. For the reasons
stated below, the Petition, ECF No. 1, is GRANTED.

## I.    BACKGROUND

Mr. Wolde is forty-five years old and was born in Ethiopia. ECF No. 1 ¶ 25. Mr. Wolde lawfully entered the United States from Ethiopia as a lawful permanent resident in 1995. *Id.* Since his entry, he has been convicted of multiple crimes in the United States. ECF No. 11-1 at 3. First, he was convicted of Auto and Criminal Trespass in the Second Degree on August 14, 2000. *Id*. Second, Assault 3 on July 19, 2001, and sentenced to 60 days in jail. *Id*. Third, Criminal Impersonation to Gain a Benefit and Assault 3 on September 15, 2006, and sentenced to 30 months in prison plus 3 months on probation. *Id*. Fourth, Theft of $500 - $1,000 on December 18, 2008, and sentenced to 180 days in jail. *Id.*

On Janaury 25, 2011, Immigration and Customs Enforcement ("ICE") officers encountered Mr. Wolde upon his release from the Colorado Department of Corrections and determined he was subject to removal. *Id*. at 4. An Immigration Judge ("IJ") ordered Mr. Wolde's removal to Ethiopia on April 8, 2011. ECF No. 1 ¶ 26. ICE kept Mr. Wolde in custody through December 23, 2011, approximately 119 days, and released him on an Order of Supervision ("OSUP"), concluding that his removal was not significantly likely in the reasonably foreseeable future and that he was neither a flight risk nor a danger to the community. *Id.* ¶¶ 26, 36. On Janaury 2, 2026, ICE detained Mr. Wolde while he was leaving his home with his United States citizen wife. *Id.* at ¶ 28. Mr. Wolde complied with all aspects of his OSUP through his reincarceration. *Id.* at ¶ 27.

## II.    LEGAL STANDARD

### A.    Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("*Zadvydas*")); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### B.    Post-Removal Detention Under § 1231

Two sections of the Immigration and Nationalization Act ("INA") authorize detention—8 U.S.C. § 1226, which concerns noncitizens who are not yet subject to a removal order, and 8 U.S.C. § 1231, which operates in the post-removal context. Petitioner is detained pursuant to § 1231. Under § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1). The noncitizen must be detained during this initial 90-

3

day timeframe, *see* § 1231(a)(2), which is "referred to as the 'removal period,'" § 1231(a)(1)(A). If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. § 1231(a)(3). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order "may be detained beyond the removal period." § 1231(a)(6). The text of the INA does not contain an express limit on the duration a noncitizen may be detained under its authority.

### III.     ANALYSIS

#### A.     Petitioner's Length of Detention Should be Considered Cumulatively

Mr. Wolde argues that his detention violates the standards set by the Supreme Court in *Zadvydas*, and that Respondents must now come forth with evidence that his removal is significantly likely in the reasonably foreseeable future. See ECF No. 1 ¶¶ 38-47. To support this argument, Petitioner contends that the six-month standard outlined in *Zadvydas* should be considered cumulatively. See ECF No. 1 ¶ 42-43. Respondents disagree and purport that each detention should be considered separately. ECF No. 6. This Court agrees with Petitioner for the reasons set forth below.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) "does not permit indefinite detention," although the statute does not specify a time limit on how long the DHS may detain a noncitizen in the post-removal period. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Rather, "in light of the Constitution's demands," a noncitizen may be detained only for "a period reasonably necessary to bring about that [noncitizen's] removal from the

4

United States." *Id*.; *accord Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). The Supreme Court reasoned that "Congress previously doubted the constitutionality of detention for more than six months" and recognized six months as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Judge Sweeney recently conducted a similar analysis in a case with analogous facts. *See Tran v. Baltazar*, 1:26-cv-00940-CNS, 2026 WL 764002 (D. Colo. Mar. 18, 2026) ("*Tran*").[1] In *Tran*, the petitioner, Mr. Tran, was a citizen of Vietnam and became a lawful permanent resident of the United States in 1992. *Id*. at *1. In 1995, Mr. Tran was convicted of criminal trespass and sentenced to 12 months on probation. *Id.* Mr. Tran received a final order of removal from an Immigration Judge on August 12, 2003. *Id*. He spent at least three months in custody before he was released. *Id*. In November 2025, Mr. Tran was re-detained at an annual check-in with immigration authorities. Mr. Tran alleged that in total, between 2003, 2025, and 2026, ICE jailed him for approximately 212 days. *Id.* at *3.

In her order in *Tran*, Judge Sweeney adopted the reasoning of other courts in the District of Colorado, holding that when determining presumptively reasonable time under

---

[1] *See also Nguyen v. Baltazar, et al.*, 1:26-cv-01168-RMR (D. Colo. May 14, 2026).

*Zadvydas*, periods of detention should be determined cumulatively. *Id*. (citing *Aguilar v. Noem*, 25-cv-03463-NYW, 2025 WL 3514282, at *3 (D. Colo. Dec. 8, 2025) (collecting cases); *see also, e.g.*, *Pena-Gil v. Lyons*, 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *2 (D. Colo. Nov. 24, 2025) (concluding the same and collecting cases in support of its determination that even though "petitioner's 20-month and five-month periods of detention [were] served nonconsecutively, petitioner has nonetheless been detained longer than the six-month presumptively reasonable period")). Relying on this standard, Judge Sweeney ultimately determined that, "[b]ecause Petitioner has demonstrated that he has been cumulatively held in immigration detention for over six months (including at least three months in 2003, plus over four months since Petitioner was re-detained in November 2025), the 'presumptively reasonable period for [Petitioner's] detention has been exceeded.'" *Id*.

In the present case, Petitioner alleges that ICE first detained Mr. Wolde pursuant to § 1231 after his removal order became final on August 26, 2011, for a total of 119 days prior to his release on an OSUP. ECF No. 1 ¶ 36. And Petitioner alleges his reincarceration on January 2, 2026, which constitutes at least an additional 103 days, should be considered cumulatively with his detention from 2011. *Id.* The total detention from both 2011 and 2026 totals approximately 222 days as of the date of the Petition. *Id.* Respondents disagree and contend that Petitioner's two periods of detention should not be considered cumulatively. *See* ECF No. 7 ("The Court should find that the six-month period started on January 2, 2026."). Following Judge Sweeney's analysis from *Tran*, the presumptively reasonable time period for Mr. Wolde's immigration detention should be

calculated cumulatively. This Court finds Mr. Wolde has demonstrated he was cumulatively in ICE custody for over six months, specifically, at least 222 days.

**B.     Respondents do not Show Removal is Significantly Likely in the Reasonably Foreseeable Future.**

Since this Court determined that Mr. Wolde has been detained beyond the presumptively reasonable time period outlined in *Zadvydas*, the burden first shifts to Mr. Wolde to provide good reason to believe that there is "no significant likelihood of removal in the reasonably foreseeable future" and then to Respondents to "furnish evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 680.

Judge Sweeney's order in *Tran* directly addressed whether or not it was significantly likely that Mr. Tran would be removed in the reasonably foreseeable future. Judge Sweeney accepted the petitioner's contention that there was no evidence that respondents will remove him in the reasonably foreseeable future as sufficient to meet his burden. *Tran*, 2026 WL 764002, at *3. Respondents requested Judge Sweeney consider that ICE was working to obtain a travel document for petitioner and that ICE successfully removed Vietnamese citizens to Vietnam in recent months. *Id.* Judge Sweeney determined that, those facts "do not move the needle" but "simply demonstrate that Petitioner's removal is *possible*," and reasoned that the mere chance of removal is not the same as a significant likelihood of removal. *Id.* (citing *Siguenza v. Moniz*, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025)). She ultimately held that Respondents failed to meet their burden to "rebut Petitioner's showing that his removal to Vietnam is not significantly likely to occur in the reasonably foreseeable future." *Id.* at *4.

Here, this Court determines that Petitioner met his burden to show that removal is not significantly likely in the reasonably foreseeable future. *See e.g.* ECF No. 17 at 11 ("ICE has failed to remove him in the over 5,000 days since his removal order became final."). Similar to the respondents in *Tran*, Respondents here do not meet their burden to rebut and fail to show "there is no significant likelihood of removal in the reasonably foreseeable future" and put forth allegations that also fail to move the needle. *Zadvydas*, 533 U.S. at 701. Seemingly in an attempt to meet their burden, Respondents declare that "ICE continues to pursue a travel document so that it can effectuate Petitioner's removal to Ethiopia" and rely heavily upon the allegation that Mr. Wolde, "refused complete the application for a travel document to Ethiopia." ECF No. 11 at 4-5. To support this, Respondents allege that ICE sent Petitioner a travel document application on one occasion, and Petitioner submitted a "Kite" indicating he would not complete the application. ECF No. 11-1 ¶¶ 29, 30. Respondents' assertions are not supported by any concrete evidence or proof of the purported "Kite." Moreover, Petitioner alleges that "ICE has never presented a travel document to [him] for removal to any country." ECF No. 17 at 11.

Additionally, Respondents request this Court rely upon cases from this District and Circuit as evidence. But those cases involve unrelated countries and circumstances where the petitioner's refusal to cooperate was recurrent and was clearly the only barrier to removal as evidence. *See e.g.*, *Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008); *Singh v. Barr*, No. 17-cv-03057-DDD, 2019 WL2452822, at *3-4 (D. Colo. June 12, 2019). Here, Respondents fail to supply the Court with the necessary support or proof

to conclude that the same is true for Ethiopia and that Petitioner's alleged refusal is the only barrier to his removal. Thus, the factual inconsistencies and the conclusory nature of Respondents allegations are not sufficient to convince this Court that Petitioner's removal is significantly likely, nor that Petitioner is in some way preventing his own removal. Applying Judge Sweeney's analysis in *Tran*, the Court finds Respondents have not met their burden because Respondents simply show that removal of Mr. Wolde is possible, but not significantly likely. This Court finds ICE's detention of Mr. Wolde violates 8 U.S.C. § 1231.

### IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1. Respondents are ORDERED to release Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose on Petitioner any additional conditions of release or supervision beyond those Petitioner was subject to in connection with his preexisting order of supervision and immediately prior to his recent detention.

Additionally, Respondents SHALL FILE a status report within TWO DAYS of this Order certifying compliance. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time, and Petitioner's TRO, ECF No. 2, which seeks the same relief as the Petition, is DENIED AS MOOT.

DATED: June 5, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge